FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RHODA B., | No. 1:25-CV-03013-JAG |
| Plaintiff, | |
| v. | **ORDER REMANDING FOR FURTHER PROCEEDINGS** |
| FRANK BISIGNANO, Commissioner of Social Security,[1] | |
| Defendant. | |

**BEFORE THE COURT** is Plaintiff's Opening Brief and the Commissioner's Brief in response, ECF No. 8 and 12, as well as Plaintiff's Reply Memorandum. ECF No. 13. Attorney D. James Tree represents Rhoda B. (Plaintiff); Special Assistant United States Attorney David Burdett represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before the undersigned by operation of Local Magistrate Judge Rule (LMJR) 2(b)(2), as no party returned a Declination of Consent Form to the Clerk's Office by the established deadline. ECF No. 3. After reviewing the administrative record and briefing, the Court OVERTURNS the Administrative Law Judge's (ALJ) decision and REMANDS for further proceedings.

## I.    JURISDICTION

Plaintiff filed applications for Disability Insurance Benefits and Supplemental Security Income on July 21, 2021, alleging disability since May 15,

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano is substituted as the defendant in this suit. *See* 42 U.S.C. § 405(g).

ORDER OVERRULING ALJ'S DECISION - 1

2021, due to stroke and heart issues. Tr. 18. Plaintiff's claim was denied initially and on reconsideration, and she requested a hearing before an ALJ. Tr. 188. A hearing was held on September 19, 2023, at which vocational expert Tom Polsin, and Plaintiff, who was represented by counsel, testified. Tr. 86-119. ALJ Malcolm Ross presided. Tr. 86. The ALJ denied benefits on February 27, 2024. Tr. 15-33. The Appeals Council denied review. Tr. 1. The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on January 31, 2025. ECF No. 1.

## II.     STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings and the ALJ's decision and are only briefly summarized here. Plaintiff was born in 1963 and was 57 years old on the alleged onset date. Tr. 254. Plaintiff's past jobs include civil engineer. Tr. 27.

## III.     STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the

ORDER OVERRULING ALJ'S DECISION - 2

ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## IV.    SEQUENTIAL EVALUATION PROCESS

The Commissioner established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## V.    ADMINISTRATIVE FINDINGS

On February 27, 2024, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-33.

ORDER OVERRULING ALJ'S DECISION - 3

At *step one*, ALJ Ross found Plaintiff had not engaged in substantial gainful activity since May 15, 2021.  Tr. 20.

At *step two*, the ALJ found Plaintiff had the following severe impairments: history of stroke with left hemiplegia; paroxysmal atrial fibrillation; left shoulder abnormality; essential hypertension; seizure disorder; and obesity, status post-bariatric surgery.  Tr. 20.

At *step three*, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or medically equal one of the listed impairments in 20 C.F.R., Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  Tr. 22.  The ALJ also found Plaintiff has the residual functional capacity (RFC) to perform light work, with the following limitations:

> [F]our hours standing and/or walking in an eight-hour workday; occasional climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; no operation of foot controls with the left lower extremity; occasional overhead reaching with the left upper extremity; occasional balancing, stooping, kneeling, crouching and crawling; occasional exposure to extreme vibrations and hazards such as unprotected heights and dangerous machinery; and using a cane to ambulate.

Tr 23.

At *step four*, the ALJ found that Plaintiff could perform past relevant work as a civil engineer and a data examination clerk.  Tr. 27.

At *step five*, the ALJ found that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff was capable of performing jobs that existed in significant numbers in the national economy, including the jobs of date examination clerk. Tr. 27

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision.  Tr. 28.

ORDER OVERRULING ALJ'S DECISION - 4

## VI.   ISSUES

The question presented is whether substantial evidence exists to support the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends that the ALJ erred by improperly assessing medically determinable impairments, improperly assessing lay opinions, improperly assessing medical opinions, and improperly assessing Plaintiff's subjective complaints.

## VII.   DISCUSSION

### A.    <u>Step Two.</u>

Plaintiff argues that the ALJ erred by omitting neurocognitive defects following the stroke as well as right knee osteoarthritis as severe impairments.  The ALJ addressed both but found neither were "severe" impairments.  The ALJ examined cognitive deficits finding that the impairment caused no more than "mild" limitation of any of the functional areas and no evidence suggested more than a minimal limitation to the claimant's ability to do basic work activities. Tr. 21.  As for the right knee osteoarthritis, the ALJ found that the impairment did not cause significant vocation limitations for 12 consecutive months or more. Tr. 21.

Defendant argues that omission of conditions at Step Two can never cause prejudicial error regardless of whether some conditions are miscategorized as non-severe.  ECF No. 28.  Defendant continues that even if the omission could have been harmful, discussion of the physical impairments flowing from Plaintiff's stroke also sufficiently addressed neurocognitive deficits.  ECF No. 29.

While the Court agrees that so long as the ALJ considers the impact of any and all conditions, even those deemed non-severe at Step Two, the ALJ cannot make a reversible error.  However, where, as in this case, the ALJ does not even consider the impacts of conditions deemed non-severe on Plaintiff's ability to

ORDER OVERRULING ALJ'S DECISION - 5

work, the ALJ commits reversible error. The ALJ failed to address Plaintiff's neurocognitive deficits on her ability to perform a highly skilled and cognition heavy past work.[2] With regard to the right knee osteoarthritis, the ALJ provided for some mobility limitations, including use of a cane, but did not specifically address how having difficulty with both legs may significantly impact Plaintiff's ability to perform field work as required for a civil engineer.

The Court finds that the ALJ reversibly erred by omitting neurocognitive deficits caused by the stroke and the right knee osteoarthritis at Step Two because the failure to include those impairments as "severe" led to ignoring the effects of those impairments on Plaintiff's ability to work at later steps.

**B.    Lay Opinions.**

Although the ALJ correctly noted the regulations do not require as thorough of a review of lay opinion as required for medical opinion, in a case such as this, the ALJ should have at least considered the lay opinion and given it similar if not more weight than that of the vocational expert. Plaintiff's former employer, who has expertise in the job requirements as well as having witnessed firsthand how the stroke impacted Plaintiff's ability to perform her job duties, provided a detailed review and explanation of the changes to Plaintiff's job performance following the stroke. The ALJ barely addressed this opinion. The ALJ simply noted that he need not evaluate this type of evidence the same way that he is required to evaluated medical opinion, took judicial notice of the lay witness statement, and then "considered it in this decision" without making further comment or analysis

---

[2] This omission is problematic in light of the ALJ's failure to address evidence submitted by Plaintiff's former employer (addressed in more detail later in this order) who noticed a severe drop off in Plaintiff's ability to perform her job following the stroke due to cognitive limitations. Tr. 393–95.

ORDER OVERRULING ALJ'S DECISION - 6

of the statement. Tr. 27. Unlike a situation where the lay witness may have a bias or obvious interest in buoying a claimant, this lay witness had no reason to exaggerate or lie on Plaintiff's behalf. The lay witness' statement is consistent with the cognitive testing and Plaintiff's complaints of brain fog, provides a practical explanation of how stroke caused cognition deficits affected Plaintiff's job performance, and is not contradicted by any of the other evidence on the record. The ALJ, however, does not appear to meaningfully consider the opinion, and instead discounted Plaintiff's testimony of brain fog because it did not comport with her having worked for several years following her stroke despite Mr. Revell's clear explanation for this discrepancy.

## C.    **Plaintiff's Subjective Statements.**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints. ECF No. 8. It is the province of the ALJ to make determinations regarding a claimant's subjective statements. *Andrews*, 53 F.3d at 1039. However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *Lester*, 81 F.3d at 834. "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester* at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ cited to "inconsistencies "and other facts present in the evidence" that undermined Plaintiff's subjective reports. Tr. 24. As noted above, the ALJ

ORDER OVERRULING ALJ'S DECISION - 7

appears to have not fully evaluated lay witness evidence that supported Plaintiff's complaint of lasting cognitive issues caused by her stroke and presumed, without evidence, that Plaintiff's cognition remained at the level necessary to perform her job. The ALJ found Plaintiff's reports of brain fog at odds with her volunteer work which involved her giving people rides 10 hours a week or so. The ability to perform relatively simple volunteer work and attend to self-care such as performing household chores and playing cards at the Senior Center are not clear and convincing reasons to discount Plaintiff's complaints.

## D.    Medical Opinions.

No medical opinion in the record finds Plaintiff capable of performing job functions. The ALJ gives only one medical opinion weight, that of Dr. Schultz. Since the Court already has determined that the ALJ committed harmful error the Court will not review each medical opinion, but instead asks the ALJ to reassess all medical opinion, including the testing and follow up testing performed by Dr. Jane Thompson, Ph.D. The ALJ shall review and assess medical opinions that pertain to cognition as well as physical impairments. The Court notes that the weight of medical evidence strongly swings in favor of a finding of disability, with the ALJ crediting the only outlier, consultative examiner Dr. Schultz, who opined that Plaintiff lacked a DSM diagnosis, but that her "*occupational adaptation is hard to assess.*" Tr. 561 (emphasis added). This opinion does not appear to bear the weight the ALJ has thrust upon given that the examiner expresses no opinion about whether Plaintiff can perform cognitively at a level necessary to perform work as an engineer.

## VIII.   CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is not supported by evidence and is based on legal error. The Court sees no evidence supporting the ALJ's decision regarding the lack of cognitive

ORDER OVERRULING ALJ'S DECISION - 8

deficits despite a robust medical record supporting a finding of disability.  Upon remand, the ALJ shall address *all* impairments, take new evidence if offered, offer Plaintiff the opportunity for a hearing, and reassess all medical opinions.

Accordingly, **IT IS ORDERED**:

1.    Plaintiff's Motion for Remand, **ECF No. 8**, is **GRANTED**.

2.    Defendant's Motion to Affirm ALJ, **ECF No. 12**, is **DENIED**.

The District Court Executive is directed to file this Order and provide a copy to counsel.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED March 30, 2026.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER OVERRULING ALJ'S DECISION - 9